IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–02648–EWN–MJW

JESSE RODRIGUEZ,

     Plaintiff,

v.

CORINTHIAN COLLEGES, INC., a Delaware Corporation,

     Defendant.

---

## ORDER AND MEMORANDUM OF DECISION

---

     This is a contract, tort, and Colorado Consumer Protection Act ("CCPA") case. Plaintiff Jesse Rodriguez alleges Defendant Corinthian Colleges falsely represented the nature of a surgical technologist program in which he enrolled, causing him various damages, including the cost of tuition. This matter comes before the court on "Defendant's Motion to Compel Arbitration and Incorporated Memorandum of Law," filed January 7, 2008. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

     On December 6, 2007, Plaintiff filed the instant action in Colorado state court alleging Defendant committed various torts, breached a settlement agreement, and violated the CCPA in connection with its alleged representations about the nature, benefit, and value — including accreditation status — of a surgical technologist program it offered in which Plaintiff enrolled.

(*See* Notice of Removal, Ex. A [Compl.] [filed Dec. 20, 2007].)  On December 20, 2007,

Defendant removed to this court.  (*See id.*)

On January 7, 2008, Defendant moved to compel arbitration before the American

Arbitration Association on the basis of an agreement Plaintiff signed while enrolling with

Defendant.  (*See* Def.'s Mot. to Compel Arbitration and Incorporated Mem. of Law [filed Jan. 7,

2008].)  Specifically, Defendant proffers an "Enrollment Agreement" signed by Plaintiff, stating:

> The student agrees that any dispute arising from my enrollment at [Defendant's
> Predecessor], no matter how described, pleaded or styled, shall be resolved by
> binding arbitration under the Federal Arbitration Act conducted by the American
> Arbitration Association ("AAA") under its Commercial Rules.  The award
> rendered by the arbitrator may be entered in any court having jurisdiction.

(*Id.*, Ex. 1 at 5 [Enrollment Agreement].)  This same agreement outlines various "Terms of

Arbitration" and "Procedure for Filing An Arbitration."  (*Id.*)  On January 22, 2008, Plaintiff

responded to Defendant's motion to compel arbitration in a single sentence, stating he had "no

objection to [c]ourt [o]rdered arbitration."  (Pl.'s Resp. to Def.'s Mot. to Compel Arbitration

[filed Jan. 22, 2008].)

The Federal Arbitration Act ("FAA") provides in relevant part that "a written provision

in any . . . contract evidencing a transaction involving commerce to settle by arbitration a

controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable,

and enforceable, save upon such grounds as exist at law or inequity for the revocation of any

contract."  9 U.S.C. § 2 (2006).  The FAA further provides that "[a] party aggrieved by the

failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may

petition any United States district court which, save for such agreement, would have jurisdiction

under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* § 4.

Having reviewed Plaintiff's complaint, the arbitration provisions of the "Enrollment Agreement," and the parties' briefing in connection with the instant motion, I am satisfied "the making of the agreement for arbitration [and Plaintiff's] failure to comply therewith are not in issue," *id.* (outlining a district court's required findings before granting a motion to compel arbitration), and accordingly order the parties to proceed to arbitration in accordance with the "Procedures for Filing an Arbitration" outlined in the "Enrollment Agreement."

Based on the foregoing it is therefore ORDERED that:

1.      DEFENDANT'S motion to compel arbitration (#6) is GRANTED.

2.      This case is hereby dismissed for further proceedings before the American Arbitration Association.

Dated this 1st day of August  2008.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge